### HUDSON v. FT. WORTH & D. C. RY. CO.

(Court of Civil Appeals of Texas. Texarkana. June 29, 1911.)

CARRIERS (§ 318*) — PASSENGERS—INJURIES — SUFFICIENCY OF EVIDENCE — CAUSE OF ACCIDENT—"SUN KINK."

Evidence, in a railroad passenger's action for personal injuries sustained in a derailment, *held* to sustain a finding that the proximate cause of the accident was a "sun kink," a creeping together of the rails, which defendant could not have discovered by the exercise of reasonable care.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1307–1314; Dec. Dig. § 318.*]

Appeal from District Court, Clay County; A. H. Carrigan, Judge.

Action by Mary Hudson, by next friend, against the Fort Worth & Denver City Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

C. K. Bell and Arnold & Arnold, for appellant. Spoonts, Thompson & Barwise and J. M. Chambers, for appellee.

WILLSON, C. J. Appellant, a child about six years of age, was a passenger in the rear coach of one of appellee's trains when it was derailed, turning over and falling down an embankment. She claimed that the accident was due to negligence on the part of appellee, and that as a result thereof she suffered personal injuries. The verdict was in favor of appellee, and the appeal is from a judgment in accordance therewith. There is only one assignment. It is that the trial court erred in overruling appellant's motion for a new trial, because the evidence conclusively showed that the derailment of the coach was due to negligence on the part of appellee and that she was injured thereby. We agree that the testimony was conclusive that appellant suffered injury entitling her to recover, if the injury was proximately caused by negligence on the part of appellee or its employés. But we do not agree that the finding of the jury that appellee, nor its employés, had not been guilty of negligence was wholly without evidence to support it. The testimony was sufficient to justify à finding by the jury that the accident was caused by a "sun kink." "What is commonly called 'sun kinks,' which are usually long swings in the track," said a witness, "occur on warm days. What I call a sun kink is the track being thrown out of line." Sun kinks, it appears from the record, are caused by an expansion, due to heat, of the iron or steel rails forming the track of a railroad. They are liable to occur, other conditions being favorable, when in the construction of the road sufficient space for the expansion is not left between ends of rails joined together, or when, sufficient space having been left in the construction of the road, it becomes insufficient because of a "creeping" of the rails, whereby their ends are brought closer together. "If a track is properly laid," said an expert witness, "that is, if sufficient space is left between the rails, there could not be such a thing as a sun kink. * * * Rails do creep in certain points on the road. * * * It might be possible in a long period that rails that may be properly put down at the beginning may creep until the space will not be properly prorated or adjusted between the rails." Another witness, asked if it would not have been impossible for a sun kink to have existed if the track had been properly laid, answered: "They might lay it with proper space for expansion; but it is claimed by all railroad engineers and trackmen that track will creep more or less, and that the track had probably been laid with the proper room for expansion, still it had crept, so that this room had been taken up." The engineer in charge of the engine pulling the train in question thought the accident was caused by a sun kink, and testified that its existence in the track was not discoverable as he approached the place where the accident occurred. "If it was sun kink that caused this derailment," he said, "the sun kink was not in the track when my engine went over it." He then undertook to explain how a sun kink which did not exist in the track when his engine passed

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

over it might have existed in it when the rear coach passed over it. It appeared from other testimony that when rails "creep" it is usually downhill; that the accident occurred on a downgrade one-fourth to one-half mile from the top of a hill, about 3 o'clock in the afternoon of a hot September day; that the train consisted of an engine and seven coaches; that appellant was traveling in the rear coach, which, as stated above, alone was derailed; and that the rails of the track were not loosed from the ties; "the entire track and the ties," using the language of a witness, "was sprung out together. * * * Ties and all moved over. That is what caused me to believe it was a sun kink." We are not prepared to say that the jury did not have a right to conclude from the testimony referred to that the proximate cause of the accident was a sun kink, and that the condition of the track which made the sun kink possible was due to the closing, by a creeping of the rails, of the space left between the ends thereof, which appellee in the exercise of due care may not have discovered, and may have been excusable for not discovering.

The judgment is affirmed.